UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Case No. 16-cr-20241-BLOOM
vs.                                       Case No. 15-cr-60317-BLOOM

STEVEN GOLDSTEIN,

    Defendant.
_____/

**DEFENDANT'S**
**OBJECTIONS AND REQUESTS FOR ADDITIONS TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW, Defendant, Steven Goldstein, by and through undersigned CJA counsel, William A. Clay, and hereby files the instant Objections and Requests for Additions to Presentence Report. The following objections were previously informally provided to USPO Nicole Pender by email. The following is set forth in support of the instant motion:

1. **Pages 3-4** – regarding the sentences imposed in the Detroit case (SDFL 16-cr-20241-Bloom, formerly EDMI Case No. 14-20599-SJM), please be advised of the following:
    a. Undersigned counsel has furnished USPO Nicole Pender with the entire docket sheet from the Detroit case (EDMI Case No. 14-20599-SJM) stating the sentences of Co-Defendants, Richard Silverstein, Theodore Jacobs, and Joseph Haden. Co-Defendant Michelle Pintado on June 1, 2016 received a sentencing of one day time served to be followed by 2 years Supervised Release and $100 special assessment. Co-Defendant Pintado's sentence is not reflected in the docket sheet, but I am sure you can verify it through the USPO in Detroit. I respectfully request that the specific sentences of those co-defendants be included in the PSR. Obviously, the inclusion of this information is extremely important so that the Court is aware of the sentences of other co-defendants in the Detroit case which was Rule 20 transferred to SDFL on Goldstein and became SDFL 16-cr-20241-Bloom. Also, it is important that the Court knows those sentences so as to avoid any unwarranted sentencing disparities.

    b. Said sheet will also display the upcoming sentencing dates for the other co-defendants in the Detroit case.

1

    c. As to the sentences of the co-defendants in Case No. 15-cr-60317, undersigned counsel respectfully requests that the USPO include the sentence reductions which were granted to co-defendants Sachs and Sharaf, as this information will be important to the Court in that a 5k1.1 motion seeing a downward departure from the Sentencing Guidelines is expected to be filed by the Government for Defendant Goldstein.

2. **Page 8, paragraph 13** – Undersigned counsel respectfully requests that this paragraph of the PSR be updated to indicate: "the parties have, subsequent to the execution of the plea agreement, carefully examined the evidence and discovery in this case and have reached agreement that the loss amount to be attributed Steven Goldstein is $6.2 million.  Therefore, the Government continues to recommend to the court to find the Defendant's guidelines to be 57 -71 months. The Defendant Goldstein and undersigned counsel are now in agreement with the loss amount of $6.2 million and a guideline range of 57-71 months". (Undersigned counsel will be making additional comments regarding the loss amount in this pleading).

3. The parties also now are in agreement with regard to the Detroit (SDFL 16-cr-20241, formerly MIED Case No. 14-20599) case that the restitution amount attributable to Goldstein is also $6.2 million.  Undersigned counsel has furnished the USPO with copies of emails from Detroit AUSA Craig Weier to undersigned counsel and AUSA Roger Cruz which verify that both the loss amount and the restitution to be applied to Defendant Goldstein is $6.2 million.

4. **Page 13, Paragraph 31** – Undersigned counsel respectfully request that an additional sentence be inserted in paragraph 31 to read as follows:
   a. "The Government and defendant agree that the loss to be attributable to Goldstein is the loss that was generated during the period of Goldstein's employment and that loss amount is $6.2 million. The Government and Defendant agree that the restitution amount for which Goldstein is to be held accountable is also $6.2 million."  Additionally, I respectfully request that the following language be included in this paragraph – "records seized by the FBI along with victim interviews reveal that Goldstein was directly involved in soliciting funds from the following **7** victims: Lee Carrier ($11,400 loss), Otto Harrison ($100,720 loss), Steve Wiles ($42,980 loss), Roger and Brian Milton ($30,000 combined loss), Charles Griffin ($7,800 loss), Matt Welborne ($15,000 loss) and James Carnevale ($11,200 loss), counting for a total loss of $219,100 attributable to Goldstein's personal conduct in the Detroit case.  The aforementioned information regarding the 7 victims and related losses which were directly related to Mr. Goldstein's conduct, was reflected in materials sent by Detroit prosecutor AUSA Craig Weir to undersigned counsel and the USPO.  It is obviously important for the Court to be apprised of what Defendant Goldstein personally did by his direct action.

5. **Page 19, Paragraph 54** – Undersigned counsel objects to the loss amount stated in this paragraph and requests that the correct loss amount of $6.2 million in the Detroit

case (SDFL 16-cr-20241, formerly MIED Case No. 14-20599) be corrected to reflect that "the loss for which Goldstein is accountable is $6.2 million." It is critically important that the loss amount be so corrected.

6. **Page 20, Paragraph 62 – Offense Characteristics** – Undersigned counsel respectfully requests the following correction: "**as the loss amount is more than $3,500,000 but not more than $9,500,000, the Offense level is to be increased by 18 levels §2B1.1 (b)(1)(J).**" And therefore the upward adjustment should be that of **18** instead of 20. This requested correction is based upon the accurate statement from the Government to undersigned counsel and to the USPO as to the accountable loss to Goldstein being $6.2 million. The evidence and discovery provided to undersigned counsel and the USPO in the Detroit case (SDFL 16-cr-20241, formerly MIED Case No. 14-20599) reflects said loss amount as being forcible and therefore accountable to Defendant Goldstein. Additionally, the formula used by the Government in Detroit case to calculate Goldstein's loss is the same formula that was used for all of the other co-defendants in Goldstein's Detroit case and which was accepted by the USPO and the Court, in Detroit, passing sentence on Co-defendants in the Detroit case. This is the very same Detroit case which is now known as SDFL Case No. 16-cr-20241-Bloom. **It would produce an unwarranted disparity of sentences to use an erroneous loss amount for Defendant Goldstein based on a formula that was not applied to any other co-defendant in the Detroit case.**

7. **Page 21, Paragraph 71 – Total Offense Level** – It is respectfully requested that, based upon the accurate loss amount for which Goldstein is accountable of $6.2 million, that the Total Offense Level in the PSR be corrected to reflect **24**.

8. **Page 29, Paragraph 89 – Defendant's Physical Condition – It is extremely important for numerous reasons that the PSR be well documented as to this Defendant's medical conditions.** Undersigned counsel has provided numerous important medical records and explanatory materials about the various serious medical conditions of Defendant Goldstein, including but not limited to, Chronic Myoclonus and Barrett's Esophagus. Obviously, it is critically important for the Court to know the full extent of the seriousness and gravity of the Defendant's medical conditions. It is also extremely important that the PSR be well documented on this point for the purpose of the BOP in its classification and designation process. If the PSR does not fully reflect the extent of the Defendant's medical problems, it greatly increases the chances that the Defendant does not get the proper and timely medical attention by the BOP prison facility. Undersigned counsel would also comment that based on having over 40 years of experience with the BOP and inmates having medical problems, there is a constant battle with the BOP by the inmates, their families and the attorneys to get adequate medical attention by the BOP. The subject of untimely and inadequate medical attention by the BOP is so serious that the Government Accounting Office has authored a report on this subject. The September 2012 report to Congress by the Government Accounting Office, entitled "Growing Inmate Crowding Negatively Affects Inmates, Staff and Infrastructure" discusses the untimely and inadequate medical treatment of inmates by BOP. If this section is not

extremely well documented, the chances of even further inattention or untimely attention to this Defendant's medical conditions will be greatly increased. **Therefore, undersigned counsel respectfully requests that the USPO extensively document in this section of the PSR, the Defendant's medical conditions by reciting from the medical records provided and the explanatory materials provided to the USPO.**

9. **Page 32, Paragraph 107 - Guideline Provisions** – Based upon the aforementioned information contained herein related to the correct accountable loss of $6.2 million for Defendant Goldstein, undersigned counsel respectfully request that this paragraph be changed to reflect as follows:
   **"Based upon a Total Offense Level of 24 and a Criminal History Category of II, the guideline imprisonment range should be 57 to 71 months."**

10. **Page 34, Paragraph 118 – Pertaining to Factors that May Warrant Departure** – As AUSA Roger Cruz has, by email, informed defense counsel that the Government will be filing a motion pursuant to 5K1.1 for a downward departure based upon Defendant Goldstein having rendered substantial assistance to the Government in the prosecution and investigation of others, it is requested that the USPO verify same with AUSA Roger Cruz and reflect in the PSR the Government's intention to file a 5K1.1 motion for Defendant Goldstein.

**WHEREFORE**, Defendant STEVEN GOLDSTEIN and undersigned counsel respectfully request that the Court direct the USPO to make the changes stated herein.

Respectfully submitted,

*William A. Clay*
WILLIAM A. CLAY
Florida Bar No. 155102
11440 N. Kendall Dr. # 400
Miami, FL 33176
Tel: (305) 595-0866
Fax: (305) 595-9732

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2016, I filed the foregoing document with the Clerk of the Court and emailed AUSA Roger Cruz, thereby effecting service on all parties to this case.

*William A. Clay*
WILLIAM A. CLAY, ESQUIRE

4